FILED
SUPERIOR COURT
OF GUAM

2024 MAR 13 AM 8: 33

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

              vs.

GINO TEDTAOTAO MUARELUK,
aka "Gino Muareluk"
aka "Gino Tedtaotao"
aka "G"
DOB: 09/20/1994

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0041-21**
GPD REPORT NO. 21-04576

**DECISION AND ORDER RE.
REVOCATION OF PROBATION**

## I. INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on December 12, 2023, for a Revocation Hearing in the above-captioned matter. Present during the hearing were Gino Tedtaotao Muareluk ("Defendant") with counsel Assistant Public Defender Peter Sablan, Assistant Attorney General Kristine Borja for the People of Guam ("People"), and Louanna Williams for the Probation Services Division. The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam. Having duly considered the parties' oral arguments and the applicable law, the Court now issues the following Decision and Order **REVOKING** the Defendant's probation for the reasons set forth herein.

## II. BACKGROUND

On May 4, 2021, Defendant Muareluk pled guilty to two charges: (1) Violation of a Court Order (As a Misdemeanor); and (2) Family Violence (As a Misdemeanor). Judgment of Conviction, Jun. 3, 2021. The Defendant was sentenced to serve one (1) year of incarceration for each charge to run concurrently, all but thirty (30) days suspended, with credit for time served. *Id.* The Defendant was also sentenced to supervised probation for two (2) years with the Adult Probation Services Division. *Id.* During the course of his probation term, the Defendant was required to pay a one-hundred-dollar ($100.00) fine plus eighty-dollars ($80.00) in court costs, perform forty (40) hours of community service, and report to Client Services and Family Counseling (CSFC) Division for intake and assessment. *Id.*

Since the Defendant's release, the Adult Probation Services Division has filed a total of seven (7) Violation Reports in this case. For the first violation, the report indicated that the Defendant:

1. Failed to report to Client Services and Family Counseling (CSFC) for recommended treatment. The probationer was assessed by CSFC on May 24, 2021 and was recommended 8 modules of MRT Anger Management. The probationer was scheduled to attend a session on June 14, 2021, but failed to show for his appointment. It is noteworthy to mention that he rescheduled his appointment twice before that.
2. Failed to make monthly payments toward fine of $100.00 and court cost of $80.00. No payments made to date.
3. Failed to perform and complete 40 hours of community service. No hours performed to date.

First Violation Report, Oct. 7, 2021.

For the second violation, the report indicated that the Defendant:

1. Failed to obey all laws of Guam. On October 4, 2021, the probationer appeared before Magistrate Judge Jonathan R. Quan and was charged with Family Violence (As a Misdemeanor), Violation of a Court Order (As a Misdemeanor) *2 Counts*, and Criminal Trespass (As a Petty Misdemeanor) in CM0384-21. The probationer was remanded to the Department of

Corrections on a $1,000.00 cash bail. On October 6, 2021, bail was subsequently posted by the alleged victim, Kameryn Kenae Leon Guerrero Mafnas.

2. The probation failed to refrain from harassing and threatening the victim, Kameryn Kenae Leon Guerrero Mafnas. Upon review of the Magistrate's Complaint in CM0384-21, the alleged victim is the same individual in this matter.

Second Violation Report, Oct. 7, 2021.

For the third violation, the report indicated that the Defendant:

1. Failed to obey all laws of Guam. On November 6, 2021, the probationer appeared before Magistrate Judge Benjamin C. Sison, Jr. and was charged with Violation of a Court Order (As a Misdemeanor) *3 Counts*, Criminal Mischief (As a Misdemeanor), and Assault (As a Misdemeanor) in CM0429-21. The probationer was remanded to the Department of Corrections on $1,000.00 cash bail.

2. The probationer failed to refrain from harassing and threatening the victim, Kameryn Kenae Leon Guerrero Mafnas. Upon review of the Magistrate's Complaint in CM0429-21, the alleged victim is the same individual in this matter.

Third Violation Report, Nov. 8, 2021.

On January 31, 2022, CSFC filed a Status Report indicating that the Defendant had failed to attend his appointment on June 14, 2021. Status Report: Gino Tedtaotao Muareluk, CM0041-21, Jan. 31, 2022. While CSFC recommended that the Defendant complete eight modules of MRT Anger Manager Group on an individual basis, the Defendant did not contact CSFC after his assessment. *Id.*

On February 1, 2022, the Court held a Violation Hearing to address the Defendant's three reported violations. Min. Entry of Violation Hrg. at 10:08:17 AM, Feb. 1, 2022. During the hearing, the Court told the Defendant that he has not completed any of his probation conditions. *Id.* at 10:10:24 AM. The Defendant informed the Court that he was on house arrest for his other criminal matters. *Id.* at 10:11:14 AM. After assuring the Defendant that he can still

attend CSFC appointments while on house arrest, the Court instructed him to make an appointment with CSFC and report as ordered. *Id.* at 10:16:26 AM.

For the fourth violation, the report indicated that the Defendant:

1. Failed to obey all laws of Guam. On March 1, 2022, a Magistrate's Complaint was filed against the Defendant for the following charges: Terrorizing (As a 3rd Degree Felony), Family Violence (As a Misdemeanor), Criminal Mischief (As a Misdemeanor), Violation of a Court Order (As a Misdemeanor) *8 Counts* and Harassment (As a Petty Misdemeanor) in CF0122-22. Defendant Muareluk is currently detained at the Department of Corrections on a $3,000.00 cash bail and a Preliminary Hearing is scheduled for March 11, 2022 before the Honorable Vernon P. Perez.
2. Failed to refrain from harassing and threatening the victim, Kameryn L.G. Mafnas, as order. It is noteworthy to mention, upon review of the Magistrate's Complaint in CF0122-22, the alleged victim 2 is the same victim in CM0041-21, CM0021-21, CM0429-21 and CM0384-21.

Fourth Violation Report, Mar. 2, 2022.

For the fifth violation, the report indicated that Defendant:

1. Failed to complete recommended classes with Client Services and Family Counseling. The Defendant was recommended to attend and complete the MRT Anger Management group. The Defendant attended 1 session on May 16, 2022.
2. Failed to complete 40 hours of community service. No hours have been submitted.
3. Failed to make payments towards the $100 fine and $80 court cost. No payments have been made.

Fifth Violation Report, Jan. 18, 2023.

The Probation Services Division filed an Information Report for all five (5) of the Defendant's active cases, listing the probation status and conditions for each of them. Information Report Re: Status on all Active Cases, Jan. 18, 2023.

On April 25, 2023, the Court held a Violation Hearing to address the Defendant's fourth and fifth reported violations, which the Defendant did not attend. Min. Entry of Violation Hrg. at 11:19:52 AM, Apr. 25, 2023. Because the Defendant was not present, the Court issued a

bench warrant for $1,000 cash, which was returned on April 26, 2023. Min. Entry of Violation Hrg. at 11:21:23 AM, Apr. 25, 2023; Commitment Order, Apr. 26, 2023.

On May 3, 2023, the Court held a Return of Warrant Hearing for Defendant. During the hearing, Probation informed the Court that the Defendant's probation expires that day. Min. Entry of Return of Warrant Hrg. at 09:15:08 AM, May 3, 2023. The Court noted on the record that the Defendant has only completed one of his eight CSFC MRT Anger Management sessions. *Id.* at 09:15:48 AM. After the Defendant requested the Court for another chance, the Court agreed to extend the Defendant's probation for one (1) year, and released the Defendant. *Id.* at 09:29:00 – 09:29:28 AM.

For the sixth violation, the report indicated that the Defendant:

1. Failed to refrain from harassing, threatening, assaulting, terrorizing, physically striking or injuring the victim, Kameryn L.G. Mafnas. Upon review of the Magistrate's complaint in CF327-23, the alleged victim is the same individual in this matter.

   It is noteworthy to mention that the defendant is being held on a $10,000 cash bail in CF0327-23.

Sixth Violation Report, May 10, 2023.

For the seventh violation, the report indicated that Defendant:

1. Failed to obey all laws of Guam. The defendant appeared before the Presiding Judge, Alberto C. Lamorena III, on July 7, 2023 in CF327-23; he plead guilty to Assault (As a Misdemeanor), as a lesser-included offense to Charge One: Aggravated Assault (As a 3rd Degree Felony) and Violation of a Court Order (As a Misdemeanor) via Information. The named victim, Kameryn Kenae Leon Guerrero Mafnas, is the same victim in this case.

Seventh Violation Report (Aug. 1, 2023).

On September 18, 2023, the Adult Probation Services Division filed an updated report, providing the status of all the Defendant's active cases, which increased to seven (7) active cases. Informational Report Re: Status on all Active Cases, Sep. 18, 2023.

On December 12, 2023, the Court held a Revocation Hearing to address the Defendant's violations and pending probation conditions. Min. Entry of Revocation Hrg. at 2:56:06 PM, Dec. 12, 2023. The Defendant had failed to complete any of his remaining probation conditions in this matter. *Id.* at 3:07:27 PM. The Court then took the matter advertisement and committed the Defendant so that he can received credit. *Id.* at 3:10:38 – 3:11:06 PM.

### III. DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It is undisputed that the Defendant violated his probation conditions on multiple occasions, all of which are supported by probable cause. Since his release on May 4, 2021, the Defendant has continuously violated his probation by failing to attend CSFC recommended counseling, to make any payments toward his fine and court costs, and to perform any community service hours. In addition to these violations, the Defendant gathered six new criminal matters, all including the same alleged victim.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2). Based on a review of the record, it is clear that the Defendant has exhausted the trust of the Court by continuously violating his probation conditions since 2021. Even after the Court extended the Defendant's probation by one year, the Defendant still failed to abide by the conditions of his probation. Therefore, it is unlikely that any significant progress would be made towards the compliance and completion of his probationary conditions. Therefore, the Court finds that revocation of Defendant Muareluk's probation is in the public's best interest and satisfies the ends of justice. 9 G.C.A. § 80.66(a)(2).

\\
\\

# IV. CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **two (2) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for any time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, imposing the remainder of the Defendant's **two (2) year** sentence, and **CLOSING** this case.

**SO ORDERED**, this ___February 19. 2024___, *nunc pro tunc*, December 12, 2023.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG, PDSC___

Date: 3/13/24 Time: 9:35am

Albert Calvo
Deputy Clerk, Superior Court of Guam